UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATONYA RODGERS,

                                                Case No. 2:22-cv-11396

          Plaintiff,

                                                HONORABLE STEPHEN J. MURPHY, III

v.

DOLLAR TREE STORES, INC.,

          Defendant.
                                          /

**OPINION AND ORDER GRANTING**
**UNOPPOSED MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff Latonya Rodgers filed a complaint and alleged negligence against

Defendant Dollar Tree Stores in Macomb County Circuit Court. ECF 1, PgID 6–9.

Defendant removed the case to federal court based on diversity jurisdiction. *Id.* at 1–

3. Defendant then moved for summary judgment. ECF 14. Plaintiff filed no response

to the motion for summary judgment, so the Court will consider the motion

unopposed. *See* E.D. Mich. L.R. 7.1(e)(2)(A). For the following reasons, the Court will

grant the motion.[1]

**BACKGROUND**

While shopping at a Dollar Tree store in Warren, Michigan, Plaintiff saw an

assortment of shelves and boxes stacked in the aisle ahead of her, along with a cart.

ECF 14-1, PgID 104. She also noticed a box of tissues she wanted to purchase on a

---

[1] Based on the summary judgment briefing, the Court will resolve the motion on the
briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

nearby shelf. *Id.*; *see also id.* at 105 (confirming that she was "able to observe" the shelves and boxes in the aisle "before [she] grabbed the tissue[s]"). Plaintiff had to "reach[] over" the shelves to get the tissues because "the boxes and . . . the stuff on the shelves" were "in the way." *Id.* at 104. When asked if there was "anything in the way that prohibited [her] from reaching over and getting the tissue[s]," Plaintiff stated, "It was, but it wasn't. Because I was, like, okay, I'm looking out for my surroundings. I know what I'm doing. I can see that I can get this." *Id.*

As Plaintiff reached for the box of tissues, one of the shelves on top of the stack in the aisle fell and struck Plaintiff. *Id.* at 105. Plaintiff claimed that "the shelves came off of the other shelf they connect on to, so when they fell it hit me in my side first and then . . . nicked me in the leg." *Id.* at 104. Plaintiff identified the "boxes that w[ere] in the way and the cart" as the hazardous condition that caused her injury and confirmed that nothing "prevented [her] from realizing the boxes were there." *Id.* at 109. She also confirmed that she considered "loose shelving to be a hazard." *Id.* at 114. When asked "[w]hat caused the[ shelves] to fall," Plaintiff stated, "I have no idea. All I did was reach, grab my tissue, and as soon as I did this . . . one came down . . . Tissue is light. I don't think that—but I just grabbed it and I—and it just came down." *Id.* at 105. She claimed that that the shelves appeared "unsturdy," *id.* at 114, but she "did not think that the shelves were going to come off because the stack of shelves was so thick." *Id.* at 105. (alterations omitted).

2

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Defendant moved for summary judgment on the ground that Plaintiff's claim was barred because the hazardous condition identified by Plaintiff was open and

3

obvious.[2] ECF 14, PgID 88. The Court will address Defendant's argument. But first,

the Court will detail the applicable premises liability law.

I.       Michigan Premises Liability Law

The Court has subject-matter jurisdiction over the present slip-and-fall case

based on diversity of citizenship under 28 U.S.C. § 1332. *See* ECF 1, PgID 3–4. The

Court must therefore apply Michigan substantive law to resolve the summary

judgment motion. *State Auto Prop. & Cas. Ins. v. Hargis*, 785 F.3d 189, 195 (6th Cir.

2015) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Under Michigan law, a premises liability plaintiff is either an "invitee, a

licensee, or a trespasser." *Hoffner v. Lanctoe*, 492 Mich. 450, 460 n.8 (2012). And a

"premises owner owes the greatest duty of care" to an invitee. *Id.* (emphasis omitted).

The owner must "use reasonable care to protect invitees from *unreasonable risks of*

*harm* posed by *dangerous conditions* on the owner's land." *Id.* at 460 (emphasis

added).

To establish a premises liability claim, "a plaintiff must prove the elements of

negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached

that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the

plaintiff suffered damages." *Benton v. Dart Props., Inc.*, 270 Mich. App. 437, 440

(2006) (citation omitted). In Michigan, "two general precepts" guide the law of

---

[2] Defendant also argued, in the alternative, that Plaintiff could not prove the causal
element of her claim. ECF 14, PgID 90. But because the Court will grant Defendant
summary judgment on its first argument, the Court need not address whether
Defendant's alleged negligence caused the injury to Plaintiff.

premises liability. *Hoffner*, 492 Mich. at 459. "First, landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land. Second, . . . landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land." *Id.* "[B]oth the possessors of land and those who come onto it [must] exercise common sense and prudent judgment when confronting hazards on the land." *Id.* And although a possessor "exercise[s] control over the premises," invitees "assume personal responsibility to protect themselves from apparent dangers." *Id.* at 459–60.

A land possessor's duty to exercise reasonable care "does not extend to dangerous conditions that are open and obvious." *Est. of Livings v. Sage's Inv. Grp., LLC*, 507 Mich. 328, 337 (2021) (citation omitted). Consequently, "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor [*sic*] owes no duty to protect or warn the invitee." *Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 96 (1992) (citation omitted). Defendant argued that that the hazardous condition identified by Plaintiff was open and obvious. ECF 14, PgID 89. Thus, before the Court can determine whether Defendant owed a duty to Plaintiff, the Court must determine whether the dangerous condition of the property—the shelves and boxes in the aisle—was open and obvious in a manner that obviated Defendant's duty.

II.    Open and Obvious

Open and obvious "dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*,

492 Mich. at 460–61 (quotation omitted). A danger is open and obvious if "it is reasonable to expect [] an average person with ordinary intelligence" to have discovered the danger "upon casual inspection." *Id.* at 461. The standard is objective, and it "call[s] for an examination of the objective nature of the condition of the premises at issue." *Id.* (internal quotation marks and quotation omitted).

Here, the shelves, boxes, and cart on the aisle floor created a danger of injury to a person who entered the aisle. But there is no genuine issue of material fact that the dangerous condition created by the shelves and boxes was open and obvious. For one, Plaintiff admitted that the shelves, boxes, and cart were immediately visible to her as she approached the stack. ECF 14-1, PgID 104. Plaintiff confirmed that she was "able to observe" the shelves and boxes in the aisle "before [she] grabbed the tissue." *Id.* at 105. She also stated that nothing "prevented [her] from realizing the boxes were there." *Id.* at 113. Indeed, Plaintiff explained that she had to "reach[] over" the shelves to get the tissues because "the boxes and . . . the stuff on the shelves" were "in the way." *Id.* at 104. In sum, the shelves and boxes in the aisle were open and obvious because "an average person with ordinary intelligence" could reasonably be expected to discover them "upon casual inspection." *Hoffner*, 492 Mich. at 461.

Additionally, Plaintiff was aware that the stack of boxes, shelves, and cart created a hazardous condition. She identified the "boxes that w[ere] in the way and the cart" as the hazardous condition that caused her injury. *Id.* She also confirmed that she considered "loose shelving to be a hazard." *Id.* at 114. And Plaintiff claimed that the stack appeared "unsturdy." *Id.* Taken together, Plaintiff's statements show

that the boxes, shelves, and cart in the aisle constituted an open and obvious condition because they apprised her of their "potential hazard, which [she could have taken] reasonable measures to avoid." *Hoffner*, 492 Mich. at 460–61 (quotation omitted).

To be sure, the Michigan Supreme Court has carved two exceptions from the open and obvious danger doctrine: "when the danger is unreasonably dangerous or when the danger is effectively unavoidable." *Hoffner*, 492 Mich. at 463 (emphasis omitted). If either exception is present, then "an open and obvious hazard could give rise to liability." *Id.* But neither exception applies here.

First, the unreasonably dangerous exception does not apply because the stack of shelves, boxes, and cart did not present "an extremely high risk of severe harm to an invitee in circumstances where there is no sensible reason for such an inordinate risk of severe harm to be presented." *Id.* at 462 (cleaned up). Simply put, any risk of harm associated with the stack of shelves, boxes, and cart was minimal. The shelves, boxes, and cart did not "present such a substantial risk of death or severe injury" to Plaintiff that they should be considered unreasonably dangerous. *Lugo v. Ameritech Corp.*, 464 Mich. 512, 518 (2001) (noting that a thirty-foot deep pit in the middle of a parking lot would be an unreasonably dangerous condition, while a regular pothole would not be). And no evidence suggested that Plaintiff was unable to approach the shelves, boxes, and cart without facing an extremely high risk of harm. *See* ECF 14-1, PgID 104–14. All told, because the stack of shelves and boxes and the cart did not

present an extremely high risk of severe harm to Plaintiff, the unreasonably dangerous exception does not apply.

Second, the effectively unavoidable exception also does not apply. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard." *Hoffner*, 492 Mich. at 469. But "a hazard cannot truly be unavoidable, or even effectively so[,]" in "situations in which a person has a choice whether to confront" the hazard. *Id.* Here, the boxes, shelves, and cart were not effectively unavoidable. Plaintiff was not required or compelled to confront the boxes, shelves, and cart. *See Lugo*, 464 Mich. at 518 ("[F]or example, a commercial building with only one exit for the general public where the floor is covered with standing water . . . [would be an] open and obvious condition [that] is effectively unavoidable."). Rather, Plaintiff chose to continue down the aisle after seeing the boxes, shelves, and cart. *See Hoffner*, 492 Mich. at 469. She also chose to reach for the box of tissues despite knowing that the stack of boxes and shelves was present and that it looked "unsturdy." ECF 14-1, PgID 113. She reasoned, "I'm looking out for my surroundings. I know what I'm doing. I can see that I can get this." *Id.* at 104. And nothing in the record suggested that Plaintiff was precluded from asking a store clerk for help or attempting any other method of reaching the box of tissues. *See* ECF 14-1, PgID 104–14. Thus, because Plaintiff was not "required or compelled" to confront the hazard associated with the stack of boxes and shelves, *Hoffner*, 492 Mich. at 469, the effectively unavoidable exception does not apply.

In all, the boxes, shelves, and cart in the aisle constituted an open and obvious

condition because they apprised Plaintiff of their "potential hazard, which [she could

have taken] reasonable measures to avoid." *Hoffner*, 492 Mich. at 460–61 (quotation

omitted). Defendant therefore did not owe a duty to Plaintiff, and the Court will grant

summary judgment to Defendant. *Riddle*, 440 Mich. at 96 (citation omitted).

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for

summary judgment [14] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 15, 2023

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on March 15, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager